**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **TIGE BOATS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 1:15-CV-0114-P-BL** |
| | § | |
| **INTERPLASTIC CORPORATION, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION

On September 24, 2015, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended that the Court grant Defendants' Amended Motion to Compel Arbitration and to Stay or Dismiss (doc. 18), stay this action, and refer the case to an arbitrator. *See* R&R, doc. 26.  Plaintiff timely objected to the recommendation and moved for leave to file a supplemental response to the motion. *See* Pl.'s Mot. Leave File Supp. Resp. (doc. 27); Obj'n Mag. J.'s Report & Supp. Resp. (doc. 27-1) (hereinafter "Obj'ns").  It urges the Court to reject the recommendation that it be compelled to arbitrate its claims and find that this dispute is not subject to the Open Account Agreement ("OAA") and is not arbitrable.  Obj'ns at 4.  Alternatively, if the Court finds that the parties have agreed to have an arbitrator determine the issue of arbitrability, it urges the Court to make no finding as to whether the OAA governs this case, but simply enter an order staying the case so that the arbitrator can determine that issue. *Id.*  A month later, Plaintiff moved for a hearing. *See* Pl.'s Req. Hr'g (doc. 29).  Defendants oppose the requested hearing. *See* Defs.' Opp'n Pls.' Req. (doc. 30).

The Court grants the motion for leave to file a supplemental response (doc. 27) and accepts the attachment to the motion as the response.  It denies the motion for hearing as unnecessary.  For

the reasons that follow, the Court accepts the R&R, after reviewing all relevant matters of record, including the R&R, the filed objections, and related supplemental response, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72.

## I.  AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1) of Title 28 of the United States Code grants magistrate judges authority to consider and handle both non-dispositive and dispositive pretrial matters, subject to different standards of review by a district court judge.  Section 636(b)(1)(A) permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Section 636(b)(1)(B) permits district judges to refer dispositive matters to a magistrate judge for issuance of proposed findings of fact and recommendations for disposition.[1]  The statute provides for the filing of written objections to proposed findings and recommendations and for a de novo determination of matters "to which objection is made."  Objections asserted in accordance with this provision serve "to narrow the dispute" and enable district judges "to focus attention on those issues

---

[1]Section 636(b)(1)(B) also addresses applications for post-trial relief filed by individuals convicted of a criminal offense and prisoner actions challenging conditions of confinement.  But those matters are not relevant to the instant case.

2

– factual and legal – that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 & n.6 (1985). And § 636(b)(1) "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149. Nevertheless, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

Like § 636(b)(1), Fed. R. Civ. P. 72 recognizes that the authority of magistrate judges and the corresponding review by the district court ultimately depend on whether the referred matter is properly characterized as dispositive or non-dispositive. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). This distinction has constitutional significance because the Constitution of the United States "requires that Article III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters." *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W. Va. 2004) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988) (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980))). Given the constitutional concerns about magistrate judges making dispositive rulings, courts do not confine application of § 636(b)(1)(B) to the eight listed motions; they instead key their review "to the underlying considerations of the dispositive-nondispositive dichotomy." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 (3d ed. 2014). Consequently, when a referred matter is "not among the listed exceptional motions, the lenient 'clearly erroneous or contrary to law' standard of Section 636(b)(1)(A) would be applied so long as the judge did not conclude that the motion was nevertheless dispositive." *Id.*

3

Rule 72 provides further guidance as to reviewing both dispositive and non-dispositive pretrial rulings of magistrate judges. Parties have fourteen days to object to either type of ruling. *See* Fed. R. Civ. P. 72(a) and (b)(2). For non-dispositive matters, Rule 72(a) mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." For dispositive matters, Rule 72(b)(3) provides for a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to." While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Rule 72(a) and § 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Over the years, courts have noted the following principles of review:

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

4

*Id.* (quoting *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009) while omitting citations and internal quotation marks); *accord Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994).

Because "a magistrate judge may not seek out work or expand his or her role beyond that assigned by the district judge . . . the starting point in any analysis of an action by a magistrate judge is the scope of the specific referral to that magistrate judge by the district court." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). In this case, the Court entered an Electronic Order of Reference (Dkt. Entry 6) that refers the case for pretrial management. And the Electronic Order specifies that nondispositive motions are referred for determination and dispositive motions for report and recommendation.

By issuing a R&R on the motion, the assigned magistrate judge proceeded cautiously and considered the motion as dispositive. And the motion indeed contains a dispositive aspect because Defendants sought dismissal as an alternative to a stay. If the motion is dispositive, § 636(b)(1)(B) prompts a de novo determination of those portions of the R&R to which objection is made. The district court, however, is not required to apply the more stringent review merely because the magistrate judge has issued a recommendation. *See Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794-96 (S.D. W. Va. 2004) (recognizing that despite the magistrate judge's issued findings and recommendation, the proper review is for clear error under Rule 72(a)). The proper standard of review instead results from the nature of the matter considered.

The motion primarily seeks to compel arbitration and obtain a mandatory stay of this action. But Defendants seek dismissal in the alternative if the Court does not stay the action. Because the

Magistrate Judge did not recommend dismissal, the Court views the motion as nondispositive in nature.  As stated in a persuasive decision from the First Circuit:

> Motions to stay litigation pending the resolution of parallel arbitration proceedings are not among the motions enumerated in 28 U.S.C. § 636(b)(1)(A).  Nor are they of the same character as the listed motions.  A federal court's ruling on a motion to stay litigation pending arbitration is not dispositive of either the case or any claim or defense within it.  Although granting or denying a stay may be an important step in the life of a case (lawyers are keenly aware that there are substantive consequences to whether or not a stay is granted), in the last analysis a stay order is merely suspensory.  Even if such a motion is granted, the court still retains authority to dissolve the stay or, after the arbitration has run its course, to make orders with respect to the arbitral award.  *See* Federal Arbitration Act, 9 U.S.C. § 9 (permitting parties to apply to the court for an order confirming the award); *id.* § 10 (providing district courts with authority to vacate an arbitral award); *id.* § 11 (providing district courts with authority to modify an arbitral award).  We acknowledge that the scope of judicial review of arbitral awards is very narrow, but that does not extinguish such review.

*PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).  The alternative request to dismiss this action does not place the motion within the listed motions in § 636(b)(1)(A) unless the Magistrate Judge reaches that issue.

Nothing in the R&R invites review under 28 U.S.C. § 636(b)(1)(B) or Fed. R. Civ. P. 72(b). The Magistrate Judge did not reach the issue of dismissal and the motion should be characterized as non-dispositive.  Accordingly, the Court reviews the findings and recommendation of the Magistrate Judge to determine whether any factual component of the R&R is clearly erroneous or whether the legal conclusions are contrary to law.

## II. BACKGROUND AND ANALYSIS

Prior to Plaintiff filing this civil action, Defendants filed a Demand for Arbitration with the American Arbitration Association.  Plaintiff thereafter filed this civil action that arises from its purchase of "gelcoat" product from Defendants, which allegedly malfunctioned after Plaintiff applied

it to a number of its boats.  Defendants subsequently filed an Amended Demand for Arbitration.

The parties dispute whether Plaintiff's claims are governed by the OAA entered into on September 28, 2006, or by later individual Purchase Order Transactions ("POTs").  The Magistrate Judge thoroughly addressed the contentions of the parties and found that (1) their dispute falls within the broad scope of the OAA's arbitration provision and thus the parties agreed to arbitrate the dispute; (2) no external legal constraint forecloses arbitration; and (3) the Court should refer the case for arbitration and stay the action under 9 U.S.C. § 3 pending the outcome of arbitration.

Plaintiff objects to finding that an arbitration agreement in the OAA governs a dispute arising out of the POTs.  But Plaintiff has not shown any factual finding of the Magistrate Judge clearly erroneous.  Nor has it shown any legal conclusion to be contrary to law.  The Court overrules this objection.  For the purposes of ruling on the motion before it, the Court finds that the broad arbitration provision within the OAA governs and that the parties agreed to arbitrate their dispute. It will refer the case for arbitration and stay the action under 9 U.S.C. § 3 pending that arbitration. Although the Court has found that the OAA provides the operative arbitration agreement for purposes of this motion, such finding does not preclude the arbitrator from determining the arbitrability of this dispute, including whether the OAA governs the dispute.

Plaintiff alternatively objects that the Court should not find that the dispute is subject to arbitration, if it finds that the parties did agree that the arbitrability is to be determined by the arbitrator.  The Court agrees that it is for the arbitrator to determine the arbitrability of this dispute. However, it does not view the R&R as usurping or encroaching on the role of the arbitrator.  To the extent the Magistrate Judge addresses any issue of arbitrability, he does so only within the narrow confines of the motion before the Court.  Under the deferential review envisioned by 28 U.S.C. §

636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court finds no basis to modify or reject the R&R on this alternative ground.

### III.  CONCLUSION

After reviewing all relevant matters of record in this case, including the issued R&R, the filed objections, and related supplemental response, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court finds that the R&R is correct.  The Court hereby accepts the R&R as the Findings and Conclusions of the Court.  And the Court **GRANTS** Defendants' Amended Motion to Compel Arbitration and to Stay or Dismiss (doc. 18), refers the case to an arbitrator, and stays it pending the outcome of that arbitration.  In addition, as stated herein, the Court **GRANTS** Plaintiff's Motion for Leave to File Supplemental Response (doc. 27), accepts the attachment to the motion as the response, and **DENIES** Plaintiff's Request for Hearing (doc. 29).

**SO ORDERED this 21st day of December, 2015.**

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

8